**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| KARST ENVIRONMENTAL EDUCATION AND PROTECTION, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., | ) ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO. 05-CV-01190

\* \* \* \* \* \* \* \* \* \* \* \*

### ORDER GRANTING PRELIMINARY INJUNCTION

This matter having come before the Court on motion of Plaintiffs, Karst Environmental Education and Protection, Inc. et. al. for preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1, and the Court having reviewed Plaintiffs' supporting memorandum and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that:

The Court finds that Plaintiffs have made sufficient demonstration of likelihood of success on the merits by demonstrating that the Transpark development is based on and has benefited from pervasive federal action in the form of financial assistance from EPA, HUD and TVA, as well as FHWA and FAA, and construction has begun, structures and

1

archaheological sites have been and continue to be demolished, and wetlands continue to be filled.

The Court finds that Defendant federal agencies have allowed this development to proceed without first complying with the requirements of Sections 106 and 110 of the National Historic Preservation Act and Section 102 of the National Environmental Policy Act; that the ongoing work at the Transpark site constitutes irreparable injury, and that, on balance, the harm of failure to comply with NEPA and NHPA overrides the harm, if any, from issuing this injunction, and that the injunction is in the public interest, THEREFORE,

1. Plaintiffs Motion for Preliminary Injunction against the Defendant federal agencies, TVA, HUD and EPA, is hereby GRANTED.
2. The Defendants are hereby ORDERED to comply with Sections 106 and 110(k) of NHPA before issuing any permit or approval related to the Transpark project.
3. The Defendants are hereby ORDERED to comply with Sections 106 and 110(k) of NHPA before awarding, granting, reimbursing or paying in any way funds to any entity engaged in any aspect of the Transpark project.

4. The Defendants are hereby ORDERED to ensure that any entity that has already received any funds, or promises or guarantee of funds from Defendants related to the Transpark project refrain from any further action that may adversely affect listed or eligible cultural and historic resources unless and until thie Court has determined that Defendants have fully complied with the requirements of the NHPA.

5. The Defendants are hereby ORDERED to complete an Environmental Impact Statement on the Transpark project before any further consideration of any application for federal permits, approvals or funding.

Bond is set at $_____.


SO ORDERED, this \_\_\_\_\_ day of _____, 2005.


_____
HON. RICARDO M. URBINA
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Tendered by:

W. Henry Graddy, IV
KBA Bar No. 26350
W. H. GRADDY & ASSOCIATES
103 Railroad Street
P.O. Box 4307
Midway, KY 40347


David Bookbinder
D.C. Bar No. 455525
Sierra Club
408 C Street, NE
Washington D.C.  20002

CERTIFICATE OF SERVICE

I certify that on June 23, 2005, I served a copy of the foregoing "Order Granting Preliminary Injunction" by first-class mail, postage pre-paid, on the defendants at the following addresses:

Environmental Protection Agency
Stephen Johnson, Administrator
Ariel Rios Federal Building
1200 Pennsylvania Ave., NW
Washington, DC 20460

Tennessee Valley Authority
Glen McCullough, Chairman
400 West Summit Hill Drive
Knoxville, TN 37902

Housing & Urban Development
Alphonso Jackson, Secretary
Weaver Federal Building, Rm 10000
S451 7th Street, SW
Washington, DC 20410

The Honorable Alberto Gonzales
U.S. Dept. of Justice
950 Pennsylvania Ave., NW

Washington, DC 20530-0001

The Honorable Kenneth Wainstein
U.S. Attorney's Office
555 4th Street, NW
Washington, DC 20530


                                    <u>s/Alice McKeown</u>
                                    Sierra Club

5