UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KARST ENVIRONMENTAL EDUCATION AND PROTECTION, INC., WARREN COUNTY CITIZENS FOR MANAGED GROWTH, GAYLA CISSELL, JIM DUFFER, and ROGER BRUCKER, | ) ) ) ) ) ) ) | |
| Plaintiffs | ) ) | Civil Action No. 1:05-CV-01190-RMU |
| v. | ) ) | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, U.S. HOUSING AND URBAN DEVELOPMENT, and TENNESSEE VALLEY AUTHORITY, | ) ) ) ) ) | |
| Defendants | ) | |

**DECLARATION OF J. BENNETT GRAHAM**

1.  My name is J. Bennett Graham, I am competent to testify, and I have personal knowledge of the matters contained in this declaration.

2.  I am employed by the Tennessee Valley Authority (TVA) as a Senior Archeologist and the Manager of Cultural Resources within TVA's River Systems Operations and Environmental Group. I have been employed as a Senior Archeologist since 1974 and as the Manager of Cultural Resources since 1994. In my current capacity, I advise TVA on all aspects of Cultural Resources compliance, including the assessment of impacts to historic properties under the National Historic Preservation Act (NHPA).

3.  I received a Master of Arts degree in anthropology from the University of Alabama. I have Bachelor of Arts degree from the University of Tennessee.

4.    Under Section 106 of the NHPA, the head of any federal agency must take into account the effect of a federal undertaking on historic properties included in or eligible for inclusion in the National Register of Historic Places. I am TVA's designated Deputy Federal Preservation Officer responsible for ensuring compliance with Section 106 of NHPA. TVA adheres to the requirements in the regulations of the Advisory Council on Historic Preservation in 36 C.F.R. pt. 800.

5.    In August, 2004, TVA approved a grant in the amount of $500,000 to Bowling Green Metalforming LLC (Metalforming) for the purchase of equipment that was not central to Metalforming's plant operation. This ancillary equipment was to be installed in a building that was already under construction at the time TVA received a request from Metalforming. TVA had no reason to believe that Metalforming had intentionally significantly adversely affected a historic property to which the grant would relate. The total capital investment in the Metalforming plant at that time was estimated to be $170 million. Based on these facts, TVA's undertaking to provide the $500,000 grant had no potential to cause effects on historic properties.

6.    For such activities that have no potential to cause effects on historic properties, 36 C.F.R. § 800.3(a)(1) places no further obligations on a federal agency with respect to the agency's compliance with Section 106 of NHPA.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed in Knoxville, Tennessee, on June 24, 2005.

J. Bennett Graham

2