UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KARST ENVIRONMENTAL EDUCATION AND PROTECTION, INC. et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY et al. | ) ) ) ) | |
| Defendants, | ) ) | No. 1:05-cv-01190-RMU |
| INTER-MODAL TRANSPORTATION AUTHORITY, INC; FISCAL COURT OF WARREN COUNTY, KENTUCKY; and BOARD OF COMMISSIONERS OF CITY OF BOWLING GREEN, KENTUCKY | ) ) ) ) ) ) | |
| Intervenors. | ) ) | |

**DECLARATION OF JERRY PEARSON**

I, Jerry Pearson, make the following declarations based on personal knowledge, information, and belief:

1.      I am the Treasurer of Warren County, Kentucky (the "County").

2.      I am responsible for preparing the annual budget of the County, along with the Judge Executive, and presenting said budget to the members of Warren County Fiscal Court for approval by ordinance and its implementation. This process begins with the calculation of anticipated revenues, and allocating those revenues to cover the growing expenditures and obligations.  Due to increase cost of wages, employee health insurance, retirement contributions, fuel, maintenance of roads, operation of the Jail and the care for the inmates,

unfunded Government mandates, and inflationary increases in the expense of goods and services, the demands on the County's financial resources are always increasing.

3.     Should a preliminary injunction be granted against the Kentucky Tri-Modal Transpark (the "Transpark"), the County will be responsible for at least 32 ½% of the debt service payments on the bonds issued to finance the acquisition and development of the Transpark, which will make it impossible to balance the annual budget without additional unidentified revenue.  This would have long term devastating effects on the budget of the County.  A delay in completing the project could deter prospects from buying property in the Transpark, and would cease the cash flow to the Inter-Modal Transportation Authority, Inc., thus requiring the County and others to service the debt on the $25 million industrial revenue bond issue.

4.     Should the County become responsible for the debt service of those bonds, the County would have no choice but to eliminate services and programs, and impose additional tax burdens on the citizens of the County.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this **30** day of June 2005.

Jerry Pearson