UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KARST ENVIRONMENTAL EDUCATION
AND PROTECTION, INC., et al.,

    Plaintiffs,

             v.

U.S. ENVIRONMENTAL PROTECTION
AGENCY, et al.,

    Defendants.

05-CV-01190-RMU

## DECLARATION OF FRANCIS P. MCNALLY

I, Francis P. McNally, do hereby make the following declaration under penalty of perjury:

1. I am the Director of the Congressional Grants Division in the Office of Economic Development, within the Community Planning and Development Division of the United States Department of Housing and Urban Development ("HUD").

2. I have been employed in this position for 10 months.

3. As Director of Congressional Grants, I supervise the administration of Economic Development Initiative-Special Purpose (EDI-SP) grants, Neighborhood Initiative grants, and other miscellaneous grants specified by Congress in the annual appropriation of HUD funds.

4. I make the following statements based on personal knowledge and information obtained by me during the course of my official duties.

5. EDI-SP grants are congressionally appropriated grants that provide a specified amount of funds to a designated grantee to undertake a particular authorized

activity. The level of grant funding, the grantee and the activity for each EDI-SP grant is set forth in the Conference Report accompanying each annual HUD appropriation.

6. In general the process of handling an EDI-SP grant is as follows: Following enactment of the annual appropriation, HUD seeks to identify each designated grantee and issues a letter of invitation to apply for the grant funds, accompanied by a grant application that explains the requirements of the grant and the application process. Before HUD can take further action relating to the grant, the grantee is required to submit applications to both the Congressional Grants Division as well as to a HUD Field Environmental Officer. Upon receipt of the application, the Congressional Grants Division reviews the application for consistency with the language of the annual appropriations act and the accompanying Conference Report, as well as for compliance with other HUD requirements. The grantee's application may need to be revised before HUD is able to approve the application. Upon approval of the application, HUD forwards an award letter, grant agreement and associated forms to be executed by the grantee. The grantee then must return those executed documents to HUD. An authorized representative of the Department will then sign the documents; this act obligates the funds. At that time, an account is established for the grant in HUD's Line of Credit Control System (LOCCS) for the electronic transmission of funds.

7. On a parallel track, upon receipt of the application by the HUD Field Environmental Officer, the grantee is generally referred, pursuant to 24 CFR Part 58, to a unit of general local government to commence the environmental review of the project. However, if the grantee is itself a unit of general local government, then the grantee itself would be responsible for its own environmental review under Part 58. Upon completion

of the environmental review, an authorized HUD official must approve the grantee's environmental certification of compliance and the request for release of funds for the grant. In addition to the requirements of 24 CFR Part 58, EDI-SP grants are governed by cross-cutting requirements applicable to federal and other HUD funds, including, but not limited to 24 CFR Part 84 and 24 CFR Part 85.

8. The Conference Report accompanying the Fiscal Year 2005 HUD appropriation provides "$1,500,000 for the City of Bowling Green, Kentucky, for purchasing equipment for the South Central Kentucky Training and Development Project." The amount of grant funds available for the project is $1,488,000 due to a .8% recission mandated by the FY2005 appropriations act.

9. On May 2, 2005, HUD sent a letter of invitation and grant application to the City of Bowling Green to apply for the aforementioned grant funds. On July 21, 2005, HUD received an application from the City of Bowling Green for these grant funds. At this time, HUD has taken no action in connection with the aforementioned application.

10. Accordingly, HUD has not yet approved any award of the aforementioned funds to the City of Bowling Green, Kentucky for purchasing equipment for the South Central Kentucky Training and Development Project. Furthermore, with regard to EDI-SP grants administered by the Congressional Grants Division, HUD has not approved any construction or demolition activities by the City of Bowling Green, Kentucky, the state of Kentucky, or any other entity at the Trimodal Transpark facility.

11. As no application has been approved and no grant funds have been awarded or received, HUD has no authority to dictate the activities of the applicant or the South Central Kentucky Training and Development Project.

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: 9/29/05

*Francis P. McNally* (signature)
Francis P. McNally