**EXHIBIT 2**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

KARST ENVIRONMENTAL EDUCATION
AND PROTECTION, INC.,
WARREN COUNTY CITIZENS FOR
MANAGED GROWTH, GAYLA CISSELL,
JIM DUFFER and ROGER BRUCKER

Plaintiffs                          No. 1:05-cv-01190-RMU

v.

U.S. ENVIRONMENTAL PROTECTION
AGENCY,
U.S. HOUSING AND URBAN DEVELOPMENT,
and
TENNESSEE VALLEY AUTHORITY

Defendants.

* * * * * * * * * *

DECLARATION OF DAVID L. MORGAN,
KENTUCKY STATE HISTORIC PRESERVATION OFFICER

I, David L. Morgan, make the following declaration
based on personal knowledge, information, and belief:

1.  I am the Kentucky State Historic Preservation
    Officer.  I am the official designated pursuant to
    Sec. 101(b)(1) of the National Historic Preservation
    Act ("the Act") to administer the state historic
    preservation office, reflect the interests of the
    Commonwealth of Kentucky and citizens in the
    preservation of their cultural heritage, and advise
    and assist federal agencies in carrying out their
    responsibilities under Section 106 of the Act and
    implementing regulations of the federal Advisory
    Council on Historic Preservation.

2.  I have read the Categorical Exclusion adopted by the
    Tennessee Valley Authority, dated July 19, 2004,
    regarding a federal undertaking, consisting of the
    provision of funding for equipment at the "Megna
    (sic, should be Bowling Green) Metalforming," plant
    in north Warren County, Kentucky, within Phase I of
    the Kentucky Transpark.

3. In that Categorical Exclusion, it is stated that there are no potential effects of the proposed action on historic structures, historic sites, Native American religious or cultural properties, or archaeological sites.

4. To the best of my knowledge and belief, neither I, as State Historic Preservation Officer, nor my office were contacted for consultation, advice, review or assistance in this determination, nor was there a consultation process under Section 106 of the Act. An identification process for potentially eligible historic and archaeological resources within an Area of Potential Effect for direct, indirect, and cumulative effects was not conducted.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _19th_ day of September 2005.

David L. Morgan