**EXHIBIT 10**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF COLUMBIA
```

KARST ENVIRONMENTAL EDUCATION        )
AND PROTECTION, INC.,                )
WARREN COUNTY CITIZENS FOR           )
MANAGED GROWTH, GAYLA CISSELL,       )
JIM DUFFER and ROGER BRUCKER         )
                                     )
Plaintiffs                           )   No. 1:05-cv-01190-RMU
                                     )
v.                                   )
                                     )
U.S. ENVIRONMENTAL PROTECTION        )
AGENCY,                              )
U.S. HOUSING AND URBAN               )
DEVELOPMENT,                         )
and TENNESSEE VALLEY AUTHORITY       )
                                     )
Defendants.                          )

* * * * * * * * * *

**DECLARATION OF W. HENRY GRADDY**

I, W. Henry Graddy, make the following declaration based on personal knowledge, information, and belief:

1. I am attorney of record for the Plaintiffs in the above styled proceeding.

2. I am also the attorney of record in the planning and zoning appeal styled <u>Warren County Citizens for Managed Growth, Inc., Jim Duffer and Chairman and Individually, Robert Hill as Vice-Chairman and Individually and Gayle Cissell, as Secretary and Individually v. Board of Commissioners of the City of Bowling Green, Kentucky, City-Couty Planning Commission of Warren County, Kentucky, Inter-Modal Transportation Authority, Inc., South Central Kentucky Regional Development Authority and Helen Marie Wallace Stahl</u>, Commonwealth of Kentucky, Court of Appeals Cased Nos. 2004-CA-2251 and 2004-CA-2320, on appeal from Warren Circuit Court, Division 1, Civil Action No. 03-CI-1782. This appeal is currently pending in the Kentucky Court of Appeals.

1

3.  The above referenced planning and zoning appeal involves an application by the Inter-Modal Transportation Authority (Intervening Defendant "ITA") with others having an interest in the subject realty (South Central Regional Development Authority or "SCRDA" is another entity created by the Intervening Defendants to assist the ITA develop the Transpark), to rezone approximately 236.13 acres on Glasgow Road & Hays-Martin Road and US 68/KY80. The staff report for the August 21, 2003 public hearing identified traffic considerations as: "The property has frontage on U.S. 68/KY 80 a major rural collector, and on Hays-Martin Road, a rural local road. US 31-W is located approximately 2,780 feet to this site." The Staff recommended that the Property Owner, ITA and SCRDA, shall have the responsibility for installation of all traffic improvements, and referred to binding element #11 for more details. Staff Report, page 3,

4.  Binding element #11 requires the property owner to install all roadway and intersection improvements to U.S. Highway 68/KY 80 and to U.S. 31-W, as described in the Traffic Impact Study performed for the ITA in support of this rezoning application. See attached Exhibit 1 in relevant part.

5.  This rezoning application applied to the land that was leased to Bowling Green Metalforming, the first and only known industry to locate in the Transpark to date. Bowling Green Metalforming filed a motion for leave to intervene in this appeal after the trial court decided the appeal, which motion was determined to be untimely under Kentucky law.

6.  I am also counsel of record in the appeal of the first SCKRDA rezoning request to rezone approximately 152.9863 acres on U.S.68/KY 80 and on U.S.31-W. This appeal is now final with the recent order by the Kentucky Supreme Court denying discretionary review. The area rezoned in this application includes the area where the Training Center that has been designated to receive federal funds from HUD is located.

7.  Binding element #12 requires the property owner to have responsibility for providing for the installation of whatever roadway and intersection improvements are needed "unless the cost thereof is provided by state or federal agencies." Specific required roadway improvements to U.S.

2

31-W and U.S. 68/KY80 were expressly required in the action to approve the rezoning request. Binding element #23 required that the "Proposed Beltway Corridor" shown on Figures 1, 3, 7, and 8 of the "Kentucky Trimodal Transpark Master Plan Report" by Wilbur Smith shall not be built on the property subject to this rezoning. See attached Exhibit 2 in relevant part.

8. I am also counsel of record in the appeal of the third rezoning application filed by ITA and SCKRDA to rezone 329.77 acres of property fronting on U.S. 68/KY 80 (Glasgow Road), and U.S. 31-W (Louisville Road), and Mizpah Road.

9. The third rezoning application was granted subject to binding elements including the requirement an #11 that the Property Owner, ITA, "shall have the continued responsibility of providing for the installation of all roadway and intersection improvements" to U.S. Highway 68-KY 80 and U.S. 31-W. These binding elements were signed by ITA President Jim Vance and SCKRDA Chair Sandy Jones. See attached Exhibit 3 in relevant part.

10. The above-described road and intersection improvements that were required binding elements for the ITA and SCKRDA zone change requests are the roadway improvements descried as completed in the newspaper article attached to Plaintiffs' Memorandum In Support of Preliminary Injunction, Exhibit 20. They are also the improvements described as "4 lane U.S. 68, 31 W to Transpark Entrance" in the "Amendments to the FY 2005-2007 Statewide Transportation Improvement Program, March 2005" approved by Gregory D. Rawlings, Federal Highway Administration, on April 7, 2005 (Exhibit 4).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _16_ day of _September_ 2005.

_____
W. Henry Graddy

3

**EXHIBIT 1**

(21 August 2003)

## RESTATEMENT OF BINDING ELEMENTS AS AMENDED

This Statement of Binding Elements is filed pursuant to Articles 3.10.13 and 3.11 of the Zoning Ordinance of Bowling Green and Warren County, Kentucky.

**PROPERTY OWNER:**

South Central Kentucky Regional Development Authority
2325 Airway Court, Suite C
Bowling Green, Kentucky 42103

**AS TO WARREN COUNTY**
**PVA PARCEL NUMBERS:**    062A57
062A60
062A58-001
062A58-002
062A59 (portion north of CSX Railroad)
062A60-002
062A60A
062A60-001

and

**PROPERTY OWNER:**

Helen Marie Wallace Stahl
(under option contract)

**AS TO WARREN COUNTY**
**PVA PARCEL NUMBERS:**    062A58-003
062A58 (portion north of CSX Railroad)

**DESCRIPTION OF AFFECTED PROPERTY AND SOURCES OF TITLE:**

The following described 236.13-acre tract of land located along the eastern side of Hays Martin Road across from Scotty's Industrial Park between CSX Railroad and US 68/Ky 80 in Bowling Green, Warren County, Kentucky:

See attached "Legal Description of 236.13-acre Tract of Land."

downward and away from adjacent residential uses and shall be shielded to prevent light trespass or reflection onto adjoining properties. This lighting may be shoebox style or any other style that is architecturally pleasing and minimizes glare and direct light on adjoining property.

8. All sources of malodorous emissions, regardless of how benign, shall be abated as determined and required under all applicable federal, state and local regulations. New sources of malodorous emissions must not be located where they would be inconsistent with applicable federal, state and local regulations.

9. All future lots within this property shall contain at least twenty percent (20%) green space. All parking areas within the tract shall be landscaped and contain at least twenty percent (20%) green space for parking aisles and islands. Paved parking areas shall be set back at least 25 feet from any property line.

10. All public streets and access roads shall be landscaped with trees, shrubs, and vegetative ground cover.

11. The Property Owner shall have the responsibility of providing for the installation of all roadway and intersection improvements (as specified in the Traffic Impact Study prepared by QK4 in July 2003 as pertaining to Phase 2 Development, including traffic lights as illustrated on attached Exhibit 6 entitled "US Highway 68-80 Intersection") as are determined to be needed by the Kentucky Transportation Cabinet ("KTC"), City-County Planning Commission and City of Bowling Green. In addition, these improvements shall include a second westbound right turn lane at the US 31 W/McGinnis Quarry Road intersection and a second northbound left turn lane at proposed entrance to the tract onto US 68/Ky 80 and any improvements to Hays-Martin Road.

12. Special storm water drainage techniques shall be provided on each lot throughout

4

EXHIBIT 2

(29 May 2002)

## RESTATEMENT OF BINDING ELEMENTS AS AMENDED

This Statement of Binding Elements is filed pursuant to Article 3.11 of the Zoning Ordinance of Bowling Green and Warren County, Kentucky.

PROPERTY OWNER:

Bowling Green Area Economic Development Authority, Inc.
812 State Street
Bowling Green, Kentucky 42101

PVA PARCEL NUMBERS:    062A-66 (36-Acre Tract)
                       062A-68 (9-Acre Tract)

DESCRIPTION OF AFFECTED PROPERTY AND SOURCE OF TITLE:

The following described two tracts of land located south and east of the intersection of US 31-W and US 68/80 in the Bristow Community of Warren County, Kentucky:

36-Acre Tract:

Beginning at an iron pin with a plastic cap stamped "K. Crowe 2957" set in the east right-of-way line of U.S. Highway 68, Ky. Highway 80, said iron pin being a corner to Billy and Melissa Grider, of record in Deed Book 781, Page 517 and being approximately 727 feet north of the centerline of Scottys Way; thence with said east right-of-way line North 47°00'38" West, 64.57 feet to a set iron pin with a plastic cap stamped "K. Crowe 2957", a corner to Jared Madison, of record in Deed Book 733, Page 270; thence leaving said east right-of-way line and running with Madison North 42°55'14" East, 164.32 to a found axle; thence with Madison North 46°49'48" West, 200.73 feet to a metal post, a corner to Icy Dean Clubb, of record in Deed Book 519, Page 762; thence with Clubb and South Central Bank North 45°46'16" West, 389.20 feet to a found iron pin with a plastic cap stamped "Adams 1891", a corner to South Central Bank, of record in Deed Book 834, Page 655; thence with South Central Bank North 44°58'50" East, 229.13 feet to a fence post, thence continuing with South Central Bank North 42°37'00" West, 82.15 feet to a fence post, a corner to James and Carolyn Miller, of record in Deed Book 422, Page 381; thence with Miller North 39°57'46" West, 146.78 feet to a fence post, a corner to Jessie and Lana Hill, Lanna Martin Kilgore, Trustee, of record in Deed Book 752, Page 42; thence with Hill, South Central Kentucky Regional Development Authority, of record in Deed Book 833, Page 543, James S. Tyrie, Guardian and Trustee for Elizabeth Katherine Tyrie, of record in Deed Book 819, Page 625 and Audie and Hazel Montgomery, of record in Deed Book 525, Page 427 North 58°19'43" East, 705.31 feet to a set iron pin with a plastic cap stamped "K. Crowe 2957", thence continuing with Montgomery North 56°36'21" East, 386.60 feet to a fence post, a corner in the west line of Bowling Green Area Economic Development Authority, Inc., of record in Deed Book 823, Page 792; thence with Bowling Green Area Economic Development Authority, Inc. South 33°33'32" East, 1291.02 feet to a found iron pin, a corner in the north line of Murray and Geneva Crabtree, of record in Deed Book

downward and away from adjacent residential uses and shall be shielded to prevent light trespass or reflection onto adjoining properties. This lighting may be shoebox style or any other style that is architecturally pleasing and minimizes glare and direct light on adjoining property.

9. All sources of malodorous emissions, regardless of how benign, shall be abated as determined and required under all applicable federal, state and local regulations. New sources of malodorous emissions must not be located where they would be inconsistent with applicable federal, state and local regulations.

10. All new private and public property development, redevelopment or expansion shall provide permanent landscaped areas equal to or not less than twenty percent of the paved parking area.

11. All public streets shall be landscaped with trees, shrubs, and vegetative ground cover.

12. The Property Owner shall have the responsibility of providing for the installation of whatever roadway and intersection improvements (including traffic lights) are determined to be needed by the Kentucky Transportation Cabinet ("KTC") unless the cost thereof is provided by state or federal agencies. However, in any event, subject to approval by KTC, signalization shall be provided at the intersection of US 31W and US 68/Ky 80 and at the US 31W/McGinnis Quarry Road intersection and the following turning lanes, listed with their respective storage lengths, should be added to the US 31W/McGinnis Quarry Road intersection as shown on the Property Owner's conceptual drawing filed herewith as "Exhibit #5":

- A right-turn lane (150 feet) from eastbound McGinnis Quarry Road to southbound US 31W;

- A left-turn lane (150 feet) from northbound US 31W to westbound McGinnis

4

Quarry Road;

- A right-turn lane (150 feet) from northbound US 31W into the proposed site entrance;

- A left-turn lane (150 feet) from southbound US 31W into the proposed site entrance;

- A westbound left lane and shared through/right lanes to provide access from the Affected Property to US 31W and McGinnis Quarry Road.

13. Special storm water drainage techniques shall be provided on each lot throughout the Affected Property as illustrated on the Property Owner's "Conceptual Storm Water Management System" filed herewith as "Exhibit 4" or by such superior methods as may be identified through the use of best practices and reviewed by the Executive Director of the Planning Commission.

14. The following uses shall not be permitted and are prohibited on the Affected Property even though they may otherwise be permitted uses under the Zoning Ordinance: mining; quarrying; sanitary land fill; construction and demolition debris landfill; waste composting energy recovery plant; hazardous waste collection site; solid waste transfer station; sewage treatment plant; slaughter house; concrete batching and asphalt mixing; tannery; live animal or poultry sales; adult entertainment; confined poultry or animal feeding operation; or land farming.

15. No building should be located within 100 feet of a residential use.

16. Before any development on the Affected Property occurs, all materials and debris identified in the Environmental Assessments performed by QK4 or EMPE, including but not limited to waste tires, petroleum products, waste containers, asbestos, lead paint, insecticide

5

**EXHIBIT 3**

(April 28, 2004) (LI)

## STATEMENT OF BINDING ELEMENTS

This Statement of Binding Elements is filed pursuant to Sections 3.10 and 3.11 of the Warren County Zoning Ordinance.

**PROPERTY OWNER:**

Inter-Modal Transportation Authority, Inc.
2325 Airway Court, Suite C
Bowling Green, Kentucky 42103

**AS TO WARREN COUNTY
PVA PARCEL NUMBERS:**

| | |
|---|---|
| 062A-64 | ( 1.05 acres±) |
| 062A-64A | ( 6.99 acres±) |
| 062A-64B | ( 5.98 acres±) |
| 062A-69 | (14.98 acres±) |
| | 30.74 acres |

and

**PROPERTY OWNERS:**

Under option contract to sell to South Central Kentucky Regional Development Authority, Inc., 2325 Airway Court, Suite C, Bowling Green, Kentucky 42103:

Danny Duvall and Margie Duvall
233 Sunnyside-Gott Road
Bowling Green, Kentucky 42101

**AS TO WARREN COUNTY
PVA PARCEL NUMBER:**       062A-63       (26.30 acres±)

**DESCRIPTION OF AFFECTED PROPERTY AND SOURCES OF TITLE:**

The following 55.39 acres of land located in one 14.98-acre tract at 7662 Louisville Road (US 31-W) and another 40.41-acre tract at 572 Glasgow Road (US 68/Ky 80) both in Bowling Green, Warren County, Kentucky, which two tracts are separately described on the attached pages entitled "Legal Description and Sources of Title of 14.98 Acres of Land" and "Legal Description and Sources of Title of 40.41 Acres of Land."

screened from adjacent residential developments or from all public streets or in compliance with any presently adopted landscaping ordinance.

6. Only one freestanding sign, excluding directional signs, shall be placed on each developed site. All freestanding signs shall be monument signs no more than 7 feet high with no face with more than 100 square feet and shall be landscaped.

7. When located adjacent to a residential area, site lighting shall be directed downward and away from adjacent residential uses and shall be shielded to prevent light trespass or reflection onto adjoining properties. This lighting may be shoebox style or any other style that is architecturally pleasing and minimizes glare and direct light on adjoining property.

8. All sources of malodorous emissions, regardless of how benign, shall be abated as determined and required under all applicable federal, state and local regulations. New sources of malodorous emissions must not be located where they would be inconsistent with applicable federal, state and local regulations.

9. All new private and public property development, redevelopment or expansion shall provide permanent landscaped areas equal to or not less than twenty percent of the paved parking area.

10. All public streets and access roads shall be landscaped with trees, shrubs, and vegetative ground cover.

11. (a) The Property Owner shall have the continued responsibility of providing for the installation of all roadway and intersection improvements (including signalization) as specified in the Traffic Impact Study prepared by QK4 in July 2003 as pertaining to Phase III Development and as illustrated on the two conceptual drawings attached as "Exhibit 6" entitled

3

"U.S. Highway 68-80 Intersection" and "Exhibit 5" entitled "U.S. Highway 31-W Intersection" and as are determined to be necessary by the Kentucky Transportation Cabinet ("KTC"), the City-County Planning Commission and the City of Bowling Green. This responsibility includes all internal streets. These improvements to the intersections would have the following lanes with the following respective storage lengths:

    (i)    <u>US 31W/McGinnis Quarry Road Intersection</u>

- A right turn lane (150 feet) from eastbound McGinnis Quarry Road to southbound US 31W;

- A left turn lane (150 feet) from northbound US 31W to westbound McGinnis Quarry Road;

- A right turn lane (150 feet) from northbound US 31W into the proposed site entrance;

- Two left turn lanes (150 feet) from southbound US 31W into the proposed site entrance;

- Two westbound left turn lanes, two westbound right turn lanes, and a through lane to provide access from the Affected Property to US 31W and McGinnis Quarry Road.

    (ii)    <u>US 68/Ky 80/Site Access Intersection</u>

- A left turn lane (150 feet) from eastbound US 68/Ky 80 into proposed site entrance;

- Two right turn lanes (150 feet) from eastbound US 68/Ky 80 into proposed site entrance;

4

- A left turn lane (150 feet) from westbound US 68/Ky 80 into proposed site entrance;

- A right turn lane (150 feet) from westbound US 68/Ky 80 into proposed site entrance;

- A through/right turn lane, a left turn lane, and a through lane from southbound site entrance onto US 68/Ky 80.

(b)   All access to all lots and development on the Affected Property shall be through future interior streets; provided however, one access entrance to the 40.41-acre tract off US 68/Ky 80 shall be permitted until the Property Owners acquire recorded title to additional property adjoining the 40.41-acre tract north of US 68/Ky 80. The 40.41-acre tract is shown as the "41 Acres$^\pm$" tract on the "Conceptual Site Layout Plan" attached hereto as Exhibit 1.

12.   Special storm water drainage techniques shall be provided throughout the Affected Property as illustrated on the Property Owner's "Conceptual Storm Water Management System" filed herewith as "Exhibit 4" as defined in the "Site Evaluation and Design Assistance for the proposed Kentucky Tri-Modal Transpark – Final Report" dated February 28, 2003 prepared by WKU Center for Cave and Karst Studies, or by such superior methods as may be identified through the use of best practices and reviewed by the Executive Director of the City-County Planning Commission.

13.   The following uses shall not be permitted and are prohibited on the Affected Property even though they may otherwise be permitted uses under the Zoning Ordinance: mining; quarrying; sanitary landfill; construction and demolition debris landfill; waste composting energy recovery plant; hazardous waste collection site; solid waste transfer station;

5

EXHIBIT 4

# Amendments to the FY 2005-2007 Statewide Transportation Improvement Program
## March 2005

| Amendment Number | Project Description | Federal Discretionary Funding Program | Apportionments | Congressional District | County |
|---|---|---|---|---|---|
| 2004.099 | Asphalt Institute Research, University of Kentucky | STP Section 117 | 500,000 | 6 | FAYETTE/ STATEWIDE |
| 2004.100 | University of Kentucky Academy for Community Transportation Innovation | STP Section 117 | 1,000,000 | 6 | FAYETTE/ STATEWIDE |
| 2004.101 | City of Radcliff Public Walkway Improvements, Kentucky | STP Section 117 | 475,000 | 2 | HARDIN |
| 2004.102 | U.S. Highway 41A Hopkins County, Kentucky | STP Section 117 | 1,000,000 | 1 | HOPKINS |
| 2004.103 | I-75 London, Kentucky | STP Section 117 | 1,000,000 | 5 | LAUREL |
| 2004.104 | I-66 Pike County, Kentucky | STP Section 117 | 1,000,000 | 5 | PIKE |
| 2004.105 | Thompson Road Widening, Pike County, Kentucky | STP Section 117 | 1,000,000 | 5 | PIKE |
| 2004.106 | I-66 Northern Bypass of Somerset, Kentucky | STP Section 117 | 4,000,000 | 5 | PULASKI |
| 2004.107 | Somerset Downtown Revitalization Project, Kentucky | STP Section 117 | 1,000,000 | 5 | PULASKI |
| 2004.108 | Southern Kentucky Intermodal Park, Kentucky | STP Section 117 | 1,000,000 | 5 | PULASKI |
| 2004.109 | I-66 Somerset to London, Kentucky | STP Section 117 | 2,000,000 | 5 | PULASKI LAUREL |
| 2004.110 | Georgetown Pass, Kentucky | STP Section 117 | 1,000,000 | 4 & 6 | SCOTT |
| 2004.111 | 4 Lane U.S. 68, 31W to Transpark Entrance on U.S. 68, Kentucky | STP Section 117 | 2,000,000 | 2 | WARREN |
| 2004.112 | Washington County Hardesty Road Bridge, Kentucky | STP Section 117 | 525,000 | 2 | WASHINGTON |

**Amendments Approval:**

Amendments Recommended for Approval:         Approval of STIP Amendments:

_[signature]_  3/29/05                              _Gregory D Rawlings_  4-7-05
Kentucky Transportation Cabinet    Date        Federal Highway Administration    Date

RECEIVED
APR 1 2 2005
RIVER FIELDS INC.
TOTAL P.01